UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/8/2022

------------------------------------------------------------------- X
                                                      :

TAX DEFENDER, LLC and SAVANNAH         :
RECORDS, LLC,                                :
                                                :
                       Plaintiffs,       :
                                                  :
            -against-                  :
                                                  :
LINDSAY OTT,                              :
                                                  :
                       Defendant.       :
                                                  :
------------------------------------------------------------------- X

1:22-cv-6604-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

        Plaintiffs Tax Defender LLC and Savannah Records, LLC (together, "Plaintiffs") brought this complaint alleging breach of contract and various related claims against Defendant Lindsay Ott. See Dkt. No. 1 ("Compl."). Plaintiffs assert that the Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* ¶ 5. Subject matter jurisdiction is based on 28 U.S.C § 1332 "requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended* (Nov. 12, 2014). Plaintiffs have not alleged that they are diverse from the Defendant. Specifically, Plaintiffs allege that plaintiff Tax Defender LLC is a "company properly formed under the laws of the State of New York with its principal place of business located at 40 Wall Street, Suite 707, New York, New York." Compl. ¶ 2. Plaintiffs allege that Ms. Ott, the defendant, "is a citizen of the State of New York residing at 37 Wall Street, New York, New York 10005." *Id.* ¶ 5. Moreover, the fact that the parties agreed that any action under the agreement would be brought in the "courts for the County of New York," *id.* ¶ 6, does not establish that the Southern District of New York is the proper venue for this action, given that there are state courts in "the County of New York."

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action sua sponte." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE by August 12, 2022 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated:  August 8, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge